The third case looks like counsel are there. This is 21-2034 Swanson v. Griffin and for the appellant is Mr. Shaner. Good afternoon or good morning your honor. Steve Shaner on behalf of appellant Floyd Griffin. The case before the court today involves the principle of qualified immunity. Qualified immunity is a familiar principle to this court. It's well litigated in the 10th circuit and other circuits around the country as well as the United States Supreme Court. But this familiar principle of qualified immunity arises in a new landscape and in a new frontier in this case which is that of digital and social media. It's an area where technology is continuing to evolve and the courts are working diligently to navigate jurisprudence to keep up with it. To provide the court with a little bit of context with regard to this case the appellant defendant here Floyd Griffin is an individual that had an individual profile on Facebook. That's distinguished from a Facebook page. Facebook whereas individual profiles are for individual use and that's the type of account that existed in this case. He had an individual profile. He did not identify himself as a county commissioner. He did not invite any type of commentary. He was identified as a private citizen so it's the same type of account as any individual would have. Is your argument categorical? In other words that there would never be any first amendment protections that would attach to a private Facebook account? I don't believe it is categorical. I think that you have to in part of the analysis you have to make a distinction between an individual private account and a Facebook page but I can conceive of situations where someone has created an individual profile but identifies themselves in their official capacity. Utilizes that solely for the purpose of communicating with regard to the elements of their official capacity. And in those instances I think under the jurisprudence that could be interpreted to public forum and therefore invoke the privileges and protections of the first amendment. I don't believe it's a categorical argument. So you're saying it's a fact-bound determination and it really depends on the way an individual account is being used? I do. I think it is a factual determination as to how the account is set up, how the account is used and maintained. And if you look at the case that the court relied upon the Knight case which has been vacated but in that case that they used to extrapolate that was a case where President Trump is using his Twitter account. He identifies himself as the 45th president of the United States and he's using that account exclusively to get his agenda, his press releases out. He's using that in what former presidents would have used a press conference or a sit down with someone like Diane Sawyer. He's using that because he didn't feel like he got fair treatment. So he's using that vehicle exclusively to get his information out about his agenda, his administration and politics. I think that's a different situation than in here where the court notes in its own opinion that it's undisputed that and this is at 131 of the appendix of the district court states it is undisputed that the defendant Griffin's Facebook page is an individual profile not a government page. Defendant Griffin does not refer to himself as a county commissioner in the about section of the personal Facebook page and there is no written invitation to submit comments regarding public business. Are you arguing, I mean this all sounds like an argument that there's no violation for purposes of qualified immunity but you're also arguing that even if it is a violation it's not clearly established. Is that correct? Absolutely and in fact I think that clearly established is where the the real error occurs here because regardless I mean we don't think that this invokes a public forum and that there's not a constitutional violation but even assuming that you think that the court got that right it's not clearly established. The case law is very consistent that in order to have a right that's clearly established you need to have a 10th circuit case on point, the United States Supreme Court case on point or in the absence of those two you need to have a body of law. I think they talk in many cases about a robust consensus of opinion amongst all the circuits such that it's beyond debate. Some cases say it's undisputable or the unlawful conduct is known to everyone but the plainly incompetent or those who intentionally violate the law and I think that's the term that is used in the White versus Polly case which is a 2017 Supreme Court case. In this case the court cited to no 10th circuit case on point because there isn't a 10th circuit case on point. Court didn't cite to any United States Supreme Court case on point because there isn't any Supreme Court case on point and the courts relied singly upon a fourth circuit case. I think it was the Davison case which we think is distinguishable on the facts but even if that case were on all fours a singular case within the fourth circuit doesn't it isn't tantamount to a robust consensus of authority amongst the circuits. So we don't think that so the plaintiff did not meet the second prong of the the board. The board is a multi-member entity correct? Correct it's a county commission. And is it and so there are multiple elected officials is it more akin to an executive type function in your county or is it more like a legislative body? I think it's sort of a quasi of both. I think it's probably more of an executive type of of body but you know I do think that they they deal with county ordinances and and so it's. Is there anything Mr. Griffin could do unilaterally as far as governing the county without the approval and votes of his other commissioners? No I think that the body acts as a body corporate that he's simply a member. Yeah so I'm just wondering you know how we attribute state action to one member of a multi-member legislative organization when he doesn't have the power to act unilaterally. I think you've hit on an important point. I don't think there is state action here and his action in blocking someone is an individual action on an individual profile of an individual Facebook account. But we've raised this in qualified immunity on a motion to dismiss so we have to take the allegations in the complaint as the plaintiff has pled that he is acting in his official capacity. So we haven't argued that but I think that's an important point made by your honor. I think that what what what the court did the district court did in in regards to the clearly established that I think is is obvious error is highlighted by the the white versus polly case. It's at 137 supreme court 548 and in that case the court in 2017 again takes up the issue of qualified immunity and in doing so the court says at page 551 in the last five years this court has issued a number of opinions reversing federal courts in qualified immunity cases. Today at page 552 today it again is necessary to reiterate the long-standing principle that clearly established law should not be defined at high level of generality. As this court has explained decades ago the clearly established law must be particularized to the facts of the case and the white cases in the context of of an excessive force where there is just a plethora of cases over decades and decades and still even in this case they're finding in the particular facts of that circumstance of that case that that the law is not clearly established and the court makes the comment the case is a unique the the majority recognize that this case presents a unique set of facts and circumstances this alone should have been important indication of the majority that white's conduct did not violate a clearly established right. So what the court is saying is that in the context of of determining clearly established you have to look at the particular facts of the case and in and what that would require in this case is to find a case in the 10th circuit the United States or within the circuits that that's that holds that a public official that has a private Facebook or an account where he doesn't identify himself in any official capacity doesn't invite comment identifies himself as a private person not a public person that that in blocking someone from posting a comment and deleting their their comments on his personal profile that that violates a first amendment right and it's unlawful and there's no such case that stands for for that proposition not in the 10th circuit not in the United States and certainly not within the circuits in fact in our brief we've done a string side of a number of cases which we we did did so for the fact of establishing the cases are all over the place right now there is no consensus and I think that when in the Biden case when the court vacated the night case as moot that's that's what Justice Thomas was touching upon because he said in this age of of of media it's anything but clear and he goes on to talk about I don't know how we're going to analyze this are we going to analyze this consistent with like common carriers the court's not even clear on how they would approach it so this right wasn't clearly established they can't prove that it was fairly established and so qualified immunity should have been granted I'd like to reserve if the court doesn't have any questions I'd like to reserve a few minutes for about does the does Otero County have a official Facebook account for the commissioners you know I don't know that and what about the other commissioners they have private accounts it's not okay let's hear from Mr Dunn Good morning members of the panel Blair Dunn on behalf of the Apple Appley Jeff Swanson I think where I would like to begin is a discussion about whether or not this the fact pattern in this case is actually unique to that end well it's not just whether it's unique it's whether the Supreme Court or this circuit has issued a decision that is factually on fours the factually similar that is particularized to these and you didn't cite any your honor that's getting to my larger point about the context and the whether or not these facts are actually unique I don't think that the court would dispute that when it comes to a public official conducting a town hall to talk about town business in a setting other than social media and then kick somebody out of the meeting because of what they said about how that that public official was doing their job that there wouldn't be a first amendment injury so we really are talking about whether or not it is a Facebook or a social media type of of inquiry as to whether or not there is a set of facts and a set of and and clearly established precedent that addresses excluding a member from a public forum and retaliating against them to kick them off because of their viewpoint so we get down to this question ultimately of whether or not the social media was a was a public forum and bearing in mind of course that night is vacated where we're saying that essentially that their analysis there is persuasive still to this situation and it what it does is it applies it to other situations not Facebook related and ties the great body of case law regarding excluding somebody from a public forum and retaliating against them because of their viewpoint to this new modern way of conducting a town hall and I have to take let me interrupt you if if we were to say uh we agree with you the second circuit is directly on point that still wouldn't be enough would it for it to be clearly established in the 10th circuit so that that's what i'm getting to us then that the night decision ties back to other decisions going back to other supreme court position uh decisions and relies on those and it ties a string between what's in the present to this great body of case law in the past and the only distinction between that great body of case law regarding excluding somebody from a town hall or from a parade or whatever else you might find in u.s supreme court president precedent is this distinction regarding social media so what what the apple appliance here are asking the court to do is to ignore that great body of case law regarding a different type of deal and say that it's this this small distinction about the the type of forum that changes the analysis and makes it so that you ignore the great weight of the case law that comes before from both the supreme court and many other circuits but isn't that what the supreme court has told us i mean i understand that it can be frustrating when you have general principles of the law that you think should be applied in look what look like analogous situations but the supreme court over and over again has said that you can't look at that level of generality you have to bring it down to particularized application and we just don't have that here even i mean your davidson versus randall case i mean you're talking about a page that was opened as chair phillips jay rank randall and designated as a government official page and in robinson versus hunt city it was in fact the facebook page maintained by the hunt county service the sheriff's office so those cases to me aren't even relevant here and you know i have to disagree and part of that comes from the representations about the facts that mr shaner gave those are not accurate those aren't reflected in the complaint either mr griffin did identify himself on his facebook page he didn't do it in the about section but he repeatedly identified himself as a county commissioner on his facebook page and he talked about county business in fact the very posts that were requested from the the county as part of the public records request were a post about a county commission meeting that commissioner griffin posted in and then in the comment section invited the public to talk about the county's business at a county commission meeting he conducted a town hall about county business he just did it for dono yes judge sorry what about chief judge temkovic's point that we're this isn't a county commission meeting this is one county commissioner who is speaking and one thing county commissioners are always doing at least my experience is trying to get elected and so a lot of these things a lot of these comments and everything or else are to supporters and i suppose most of them could be preference preference prefaced and come november i want you to remember that here was my position that's not county business that if that were a campaign meeting the county commissioner would be entirely free to kick anyone out of the meeting and would not be required to solicit input or anything else seems like it's more that than the county commission meeting to me but could you speak to that please yes your honor that's a good point so otero county uh i would disagree with the concept that they are more executive than legislative the county acts through ordinances and through passing resolutions they don't really have quote-unquote enforcement authority they really have a legislative so it is that allows public comment at every meeting and they allow the public to show up and express what they want to hear about public business and then that same legislator takes out and about legislative initiatives goes out to the public and says i'm also going to continue to take that public comment he does have the authority to do that that we grant to our county commissioners the authority to conduct these town halls about town business it may be tied how well he does address public concerns to whether or not he should get re-elected but this wasn't prefaced as some sort of campaign event this was prefaced as a town hall about town business or a county business account a county hall about county business so to speak so there's a distinction there whereas there he does have the authority to conduct these town halls and to open a public forum for the public to come talk about the business before the county and i think that's that's different than it just being some sort of campaign town hall and i and that's can i can i can a county commissioner or a candidate um you know hold a town hall or a rally at a hotel and regulate who gets in they can they can and if they do so as he did in his capacity as a county commissioner he says hey i'm a county commissioner come talk to me about county business and then he shows up at the door or they go into the meeting and they say hey i don't like the job you're doing as county commissioner and mr griffin kicks them out of the out of the meeting that's that that's what i'm saying would be the great way to precedent that he there he's literally discriminating against them on the basis of their viewpoint to exclude them from the public forum that's precisely what we're arguing in this case does it doesn't it doesn't it matter that there's something there should be some kind of government control over the platform and here you know facebook is an entirely private entity it's really maybe maybe more like a newspaper more like a news newsletter um you know more like uh letters to the editor and um you know griffin doesn't have any control over um facebook in fact he could be blocked from using facebook unilaterally at any time that doesn't look much like um a public forum in the traditional sense well your honor i would i would argue that facebook is more like the public forum we're using to conduct these uh oral arguments right now this is a private company that owns zoom that's allowing us to be on here the they could theoretically tell the united states government no we're not going to allow the court to use that does that mean that that the court doesn't have control over zoom in this instance such that that it's somehow distinguishable from facebook i think it's the griffin rents out a hotel room he doesn't own the hotel the hotel could kick him out but for the purposes of the time period where the forum is conducted he has what's called a lessee's or a leaseholder's uh interest in that property to exclude somebody from it it's the same thing with facebook essentially you're taking a like why can't why can't he why couldn't he why couldn't he rent the hotel room and limit access to supporters he could provided it's not an invitation to come talk about public business and to offer him public comment about the public's business and that's the distinction between uh the judge phillips i think is touched upon cory griffin didn't say hey this is a campaign event he said this is the work i'm missing his county commissioner come talk to me about the work i'm doing as a county commissioner could could he um could griffin block um people who access the facebook page um if they um you know if they use defamatory language or vulgar language uh harassing language could could he block um uh people from access for those reasons sure same as in a county commission meeting he could ask to have somebody removed from a county commission meeting because they were acting or behaving that way that when you exceed the boundaries of your first amendment speech it's understood that that a government the government at that point can regulate that without running afoul of your first amendment rights um again i i think what i would would the the two cases from the fourth and the fifth um and i would really like to to kind of harp on a little bit the the point that those are cases that discuss facebook and they tie it back to this other body of law it's not just night that we are relying on as as the reply seems to to say but we think that those two cases provide a framework for the analysis that as long as and i think it is i would agree with mr shaner it's a factual basis that has to be looked at and at the state on with regard to davidson one thing that i i found significant is that the that there was no qualified immunity argument pursued in the fourth circuit and so they didn't have the question whether it was clearly established and in fact they sort of hinted that if the argument would have ruled on it because they said they indicated that the law is in flux and we really don't know where it's going um you know isn't that a huge difference that nobody made the argument qualified immunity there well your honor as we all understand with the body of qualified immunity law that's out there there's this this overarching question with qualified immunity as to how do we get the door back open in certain situations and i think that's essentially what this does is while that that case can't rely on a great body of evidence beyond it's applying this and it's opening that door further and so at some point we have to allow some of these these causes of action for violation of constitutional rights to get back in that it didn't get capped off at some point soon after harlow that there has to be at some point where we are able to open the door and address other constitutional violations that are not so particularized that they're the exact same facts where it's a facebook forum on a private facebook page there has to be some amount of of ability and i think the supreme court's been clear on that that it's not this the door is shut for forever type of thing what we're talking about is drawing that line back to the larger body of case law case law using the cases including knight to to say that this is tied to that great body of court can i go back to the question i asked mr shaner and that is how how could mr griffin conduct official business through his facebook page when he's a member of a multi-member you know collegial legislative type body and his opinions are his own and they don't really have any force of of law and you know really don't officially conduct county business at all because the county has no ability to regulate his speech right he's part of that body uh they don't take responsibility for what he says he's a member of that body and since they can't say you can't say this or they don't say you should say this and they don't even i believe they don't even have their own facebook page but but he's speaking and he's allowed to speak he's authorized by them to speak with his official position and and he's allowed to say their official position because they don't have a policy on that he's allowed to say this is the official position they can disagree with them publicly and say no we don't agree with that position but there's no regulation amongst these county commissioners so when he speaks he speaks for the body if he says i'm a county commissioner and this is what i think we should do for the county that's just i'm sorry judge it'd be just like a press release or you know speech to the rotary club it could be but imagine if president trump had been conducting a press conference instead of using twitter and he had told i believe this at some point came up cnn you're not allowed to come to my press conferences anymore you're not allowed to come into the into the white house press briefings because i don't like cnn and he completely booted them out i wouldn't let them come in because he disagreed with their criticisms of him doing his job i think we'd have some concerns that a president conducting a press conference that excludes certain people from the public from his press conferences based upon their viewpoint we'd probably have a problem you don't you don't think there's a difference between a executive official that does have the ability to announce and conduct official business through social media perhaps like the president versus um alleged a legislative person you know you know 535 members of congress each with its own facebook page um you know they you know neither one of them has the ability to conduct official business in the sense of finding the collective body to any particular issue if my communication but if minority leader mcconnell uses one of the the rooms in the in the united states senate or in congress somewhere to conduct a press conference to talk about a bill and he and it's the same thing he says well i'm excluding cnn from the minorities press conference on this it would be the same problem i don't think that that excuses just because in that situation it's not he's not voting it's still him using his authority as a government official to exclude a viewpoint and to retaliate against someone and that i think that's the larger context what about facebook's predecessor namely the corner booth at the local coffee shop is the difference just that i think the distinction is a good one uh judge phillips but i think facebook is scalable right and that's that's important if you're having a private conversation or a closed conversation on a for instance you don't have a public facebook page like mr griffin did here and all you're doing is convening with your friends on facebook to talk about that that might be more of a coffee shop type of corner thing where it makes sense that you could exclude somebody from that that's not what we have here we have the full-blown this is public anybody can see it anybody can chime in except for the people he excludes town hall type of thing so i think facebook's an interesting medium because it does allow for this scalable what happened here though is not this small scale coffee size um it's the full-blown town hall about town business all right i think your time's expired um mr shaner you had some rebuttal time still um thank you judge um the appellee spends most of the time in the brief and in this oral argument uh giving uh analogies like a town hall or or or a public meeting at a hotel and one of the and and all those points go to the first prong of whether this is a public forum um the appellee does not uh respond to judge mchugh's question about um how is this clearly established um all that is said in in response is is that once we establish there is a constitutional right it's tied to this bigger body larger body of law and that was that was uh quoted several times to this court and that's precisely what uh the supreme court in white said you can't do and that's exactly why they they granted cert uh on a case that involved qualified immunity where there has been extensive litigation because they're saying we've we've found in the last five years that we've had to reverse decisions because uh courts are are interpreting clearly established at a high level of generality and and and they they issue this opinion for the sole purpose of the white case i mean there can't be a a larger body of law than excessive force involving police and we have a chicken or don't we have a chicken or egg problem here then how's um a plaintiff ever going to get over clearly established for social media under your interpretation because i think i think there is going to be a evolving law that that goes up that that ultimately recognizes that someone has a constitutional right that's protected in the context of of a private facebook page but you know the way that qualified immunity is determined is is at the time so we're actually going back to 2019 2020 and even at 2022 as judge McHugh notes there isn't there's census of authority in any of the circuits there's no 10th circuit case law there's no United States Supreme Court certainly back in 2019 when these actions were alleged to have occurred or when they they occurred in blocking there's not any type of clear clearly established authority the reason for the clearly established is so that the at the the the public official is is on notice that their actions are unlawful and that it's it's so clear that any anybody but the incompetent or the person intentionally violating the law is going to be on notice there's not anything that the plaintiff appellee can point to that would say that would tell a county commissioner an individual who happens to have be a county commissioner who has a facebook private profile that by blocking someone's comments they're denying qualified immunity and we'd ask the court to reverse all right council appreciate your arguments you're excused the case shall be submitted